UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRACY CONNER, <br>     Plaintiff, <br> v. <br> <br> UNIVERSITY OF MASSACHUSETTS <br> AMHERST <br>     Defendant. | ) <br> ) <br> )    Civil Action No. 3:18-CV-11693 <br> ) <br> ) <br> ) <br> ) <br> ) |

## LOCAL RULE 16.1 JOINT STATEMENT
## OF THE PARTIES AND PROPOSED DISCOVERY PLAN

Pursuant to Local Rule 16.1, plaintiff Tracy Conner and defendant University of Massachusetts Amherst, ("University"), through their respective counsel, have conferred and considered the topics contemplated by Fed. R. Civ. P. 16(b) and (c) and 26(f) and, therefore, respectfully submit this joint statement in accord with the Court's November 20, 2018 Order.

I.  **Joint Proposed Discovery Plan**

The parties have conferred about a phased discovery approach that would permit them to gather the information that each believes would assist them in making an early assessment of whether informal settlement discussions or a more formal process, including reference of the case to another judicial officer for settlement purposes as described in L.R. 16.4(B) or for other alternative dispute resolution

programs as described in L.R. 16.4(C), would be a worthwhile use of the parties' and the court's resources.

The parties have agreed that phased discovery, pursuant to Local Rule 16.1(D)(1)(b), is desired. To permit the parties to gather information and make alternative dispute resolution assessments, they request that the Court enter the following jointly proposed case management schedule.

A.  **Automatic Disclosures.**

The parties will complete their obligations under Fed. R. Civ. P. 26(a)(1) by February 5, 2018, which is 21 days following the January 15, 2018 Scheduling conference.

B.  **First Phase – Limited Fact Discovery.**

May 15, 2018 shall be the deadline for the close of the limited fact discovery phase the parties propose for early case assessment. During this limited fact discovery phase:

1. The parties agree that discovery during the First Phase shall be limited to questions concerning liability. Discovery concerning damages shall be reserved to the Second Phase, during which further inquiries about liability issues may also be made.

2. The parties may tender a Fed. R. Civ. P. 33, 34 or 36 written discovery request only where the party, in good faith, determines that the information sought is

necessary to early case assessment and has not already been exchanged by the parties as part of their Rule 26(a)(1) disclosures;

3. A party may schedule a limited deposition of another party and/or third person to obtain information necessary to early case assessment, without prejudice to the noticing party's continuation of the deposition to a later date should the matter not resolve after the close of the limited discovery phase;

4. No expert discovery or dispositive motion practice shall take place during the limited discovery phase without the agreement of all parties;

5. The parties agree to use their best professional efforts during the limited fact discovery phase to schedule depositions at mutually convenient times and places and to resolve any discovery disputes that may arise without resort to Court assistance; and

6. At or before the conclusion of the First Phase, the parties shall submit, either jointly or separately, a statement to the Court concerning reference of this matter to another judicial officer for settlement purposes as described in L.R. 16.4(B) or for other alternative dispute resolution programs as described in L.R. 16.4(C).

C. <u>Second Phase – Fact Discovery</u>.

If the case does not resolve subsequent to the First Phase – Limited Fact Discovery, the remainder of the parties' discovery will be scheduled to proceed in two additional phases: Fact Discovery[1] and Expert Discovery.

1. The deadline for the close of the Second Phase – Fact Discovery is December 15, 2018;

2. During Fact Discovery, the parties may use any discovery mechanism provided for by, and in accord with, the applicable procedural rules as follows:

   (a) <u>Interrogatories</u>: The parties agree that the total number of interrogatories that may be propounded by each party in the two phases of discovery shall not exceed 35, notwithstanding the limitation to 25 interrogatories set forth in the Federal Rules of Civil Procedure and/or Local Rule 26.1(C).

   (b) <u>Requests for Production</u>: The parties do not propose any changes to the limitations made on requests under Rule 34 of the Federal Rules of Civil Procedure and/or Local Rule 26.1(C).

   (c) <u>Requests for Admission</u>: The parties propose that the each side of the caption shall be limited to thirty (30) requests for admission. Notwithstanding the foregoing, there is no limitation on the number of

---

[1] Discovery from and concerning treating health care providers may be commenced and/or conducted during the second phase of discovery, regardless of whether that health care provider is later proposed as an expert witness.

4

requests for admission that a document is (i) authentic; (ii) is a business record; or (iii) otherwise meets a condition for admissibility in evidence.

(d) <u>Depositions</u>: The parties do not propose any changes to the limitations made on depositions contained in the Federal Rules of Civil Procedure and/or Local Rule 26.1(C).

3. During Fact Discovery, the parties may complete the continued deposition of any witness whose deposition was begun and continued during the first phase and may notice and take the deposition(s) of any other party or third person in accord with the applicable procedural rules;

4. During Fact Discovery, if warranted by plaintiff's claims or defendants' defenses in this matter, plaintiff shall, to the extent she has not already done so in her Fed. R. Civ. P. 26(a)(1) disclosures or subsequent discovery responses, provide defendants with all information set forth in LR 35.1(A); defendants may, if warranted, seek a Fed. R. Civ. P. 35 examination of plaintiff.

D. **Third Phase – Expert Discovery.**

Should the matter not resolve during the first two phases, the parties may, if any party deems it is warranted, conduct Expert Discovery as follows:

1. The parties will exchange expert reports on issues for which a party bears the burden of proof seventy-five (75) days after the close of the Second Phase;

2. The parties will exchange rebuttal expert reports forty-five (45) days after the exchange of the burden-of-proof expert reports; and

3. The parties will complete expert depositions and close expert discovery sixty (60) days after exchange of rebuttal expert reports.

II. **Motion Practice**.

1. If the parties conduct expert discovery:
    a. The parties shall file all dispositive motions sixty (60) days after the close of expert discovery.
    b. A party opposing a dispositive motion shall file an opposition brief sixty (60) days after the date on which the dispositive motion is filed.

2. If the parties do not conduct expert discovery:
    a. The parties shall file all dispositive motions sixty (60) days after the close of the Second Phase.
    b. A party opposing a dispositive motion shall file an opposition brief sixty (60) days after the date on which a dispositive motion is filed.

III. **Final Pretrial Conference**.

The final pretrial conference will take place upon further order of the Court.

IV. **Trial**.

The trial will take place upon further order of the Court.

## V. Settlement

The parties have conferred on the subject of settlement. The University made a written settlement offer on October 19, 2018. Settlement discussions are ongoing.

## VI. Certifications

The certifications of the parties and their respective counsel pursuant to Local Rule 16.1(D)(3) will be filed at or before the scheduling conference. The parties further agree that they will work cooperatively in the future to refine this discovery plan, and may reach a supplemental agreement related to electronic discovery as this case proceeds through the discovery phase of this litigation and may file an amended discovery plan if circumstances arise necessitating such change.

Dated: January 8, 2018

| | |
|---|---|
| TRACY CONNER | UNIVERSITY OF MASSACHUSETTS AMHERST |
| By her attorney, | By its attorney, |
| *[signature]* | *[signature]* |
| David J. Fried, BBO#179640 | Maria Sheehy, BBO#560102 |
| David J. Fried & Associates | Associate Counsel |
| 10 Tower Office Park, Suite 521 | Office of the General Counsel |
| Woburn, MA 01801 | University of Massachusetts |
| Phone: 339-999-2984 | 333 South Street, 4th Floor |
| E-Mail: dfried@fried-law.com | Shrewsbury, MA 01545 |
| | Phone: 774-455-7300 |
| | E-Mail: msheehy@umassp.edu |

## CERTIFICATE OF SERVICE

David J. Fried hereby certifies that he has served this Joint Statement upon the defendant University of Massachusetts-Amherst by e-mailing a true copy thereof to its counsel of record, Maria Sheehy, Esq., at msheehy@umassp.edu, and through the CM-ECF filing and docketing system of this Court.

SIGNED under the pains of perjury this eighth day of January, 2019.

_____
David J. Fried